**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


ERVIN CUMMINGS,                 :
                                :   Civil Action No. 06-5442 (RBK)
            Plaintiff,          :
                                :
       v.                       :   OPINION
                                :
LATASHA MALONE, et al.,         :
                                :
            Defendant.          :
```

**APPEARANCES:**

Ervin Cummings, Plaintiff pro se
#506417/190904B
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

**KUGLER**, District Judge

    Plaintiff Ervin Cummings, currently confined at the Riverfront State Prison, Camden, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons set forth below, the Court concludes that the Complaint will be dismissed, without prejudice.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff seeks to sue Latasha Malone, a clinical supervisor for the Gateway Foundation, which services the prison. Plaintiff contends that on September 29, 2006, during a therapeutic community substance abuse treatment program at the prison, the defendant endangered him and violated his privacy rights by informing the members of the group that he was an ex-police officer. Plaintiff states that defendant harbors ill-will towards him because she was once a prisoner. He further contends that she has put his life in danger, and that he feels nervous that she will try to "set [him] up in some kind of way." Plaintiff further argues that the defendant's actions violated the Privacy Act.

Plaintiff informed the prison officer on duty of the incident and wrote a letter to the main office of the Gateway Foundation, but "nothing was done."

Plaintiff asks this Court to relieve defendant of her duties, and to award him monetary relief.

## DISCUSSION

**A.   Standard for Sua Sponte Dismissal**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34

3

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff Fails to State a Claim for Relief.**

1.  State-Created Danger

Liberally construing the Complaint, Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment due process rights by failing to protect him and placing him in

4

danger.[1]  However, it is well-established that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 197 (1989).  Notwithstanding, "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals."  Id. at 198.

One exception to the general rule is "where the State has created or exacerbated the danger which a third party poses to the plaintiff."  Nannay v. Rowan College, 101 F. Supp.2d 272, 285 (D.N.J. 2000).  "When state actors knowingly place a person in danger, the due process clause of the constitution . . . render[s] them accountable for the foreseeable injuries that result from their conduct."  Mark v. Borough of Hatboro, 51 F.3d 1137, 1151 (3d Cir.), cert. denied, 516 U.S. 858 (1995).  Liability under the Due Process Clause may be imposed "where the harm-though at the hands of a private actor- is the product of

---

[1] The Court notes that Plaintiff's claims are subject to dismissal, since "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  See Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000).  Nonetheless, it is possible that Plaintiff could be awarded nominal damages in absence of physical injury for a violation of his constitutional rights.  See Allah 226 F.3d at 251.

state action that legitimately can be characterized as affirmative conduct." Id.

In Bright v. Westmoreland County, the Third Circuit re-established the four-part test to determine if a state-created danger exists in a given case:

> (1) "the harm ultimately caused was foreseeable and fairly direct;"
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," . . .; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006)(internal citations and footnotes omitted), petition for cert. filed, 75 U.S.L.W. 3236 (U.S. Oct. 19, 2006)(No. 06-563); see also Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996)(citations omitted). In Kneipp, the Third Circuit noted that "the cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors using their peculiar positions as state actors, leaving a discrete plaintiff vulnerable to foreseeable injury." 95 F.3d at 1208 (citations omitted). Further, the Court of Appeals for the Third Circuit has noted that "negligent behavior can never rise to the level of conscience shocking." Kaucher v. County of Bucks, 455 F.3d 418, 426 (3d Cir.

6

2006)(citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

Because Plaintiff has not alleged facts indicating that any harm has been caused, that any future harm is foreseeable, or that his constitutional rights were otherwise violated, Plaintiff's complaint fails to state a claim under the Eighth or Fourteenth Amendments.  While Plaintiff stated that he told the officer on duty of defendant's comments, Plaintiff should address his concerns regarding his future safety with the proper prison officials through the relevant prison procedures.

2.   Privacy Act

Plaintiff also contends that the defendant violated the Privacy Act.  The Privacy Act prohibits certain records from being disclosed by federal agencies, except upon written consent of the individual to whom the record pertains, with exceptions. See 5 U.S.C. § 552a.  However, Plaintiff may not seek damages under the Privacy Act because that statute authorizes a civil action to be brought solely against a federal agency.  See 5 U.S.C. § 552a(g); Bavido v. Apfel, 215 F.3d 743, 747 (7th Cir. 2000);  Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir. 1983).  Here, Plaintiff does not name a federal agency as a defendant.

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

                                        S/Robert B. Kugler  
                                        ROBERT B. KUGLER  
                                        United States District Judge

Dated: December 12, 2006